# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                    No. 09-CR-902 WJ

REYNALDO ROMERO-LEON,

     Defendant.

## MEMORANDUM OPINION AND ORDER, SUA SPONTE, RECONSIDERING THE IMPOSITION OF SENTENCE UNDER THE ARMED CAREER CRIMINAL ACT AND ORDER FOR FURTHER BRIEFING

THIS MATTER came before the Court on the United States' Notice Seeking Imposition of Sentence Under the Armed Career Criminal Act, filed August 4, 2010 (Doc. 80). The Court held a sentencing hearing on March 4, 2011. Defendant Reynaldo Romero-Leon ("Defendant") pled guilty without a formal plea agreement to violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), felon in possession; and *id.* §§ 922(g)(5)(A) and 924(a)(2), alien in possession. The Presentence Report ("PSR") calculated Defendant's adjusted total offense level as 25 and his criminal history category as IV, resulting in an advisory Sentencing Guidelines range under the United States Sentencing Guidelines of 84 to 105 months. The government objected, asking that Defendant be sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which carries a mandatory minimum of 15 years (Doc. 80). Both the U.S. Probation Office ("Probation") and Defendant argue that the ACCA is not applicable. At the March 4 hearing, the Court stated on the record that the Government had established that Defendant met the requirements for the ACCA enhancement and thus, Defendant had to be sentenced under the

ACCA. However, upon further review of the relevant legal authority, the Court reconsiders this position and hereby orders further briefing.

## DISCUSSION

### I.      United States' Position

The government argues that the ACCA applies to Defendant because the statute provides a mandatory minimum sentence for three qualifying convictions of a serious drug offense or violent felony, because the qualifying convictions are distinct from one another, and because the maximum sentence under state law for each of Defendant's prior convictions is ten years or more. If the ACCA applies to Defendant, the mandatory minimum is not discretionary. *See United States v. Johnson*, 973 F.2d 857, 860 (10th Cir. 1992).

Section 924(e) provides that any person violating 18 U.S.C. § 922(g) who has previously been convicted of at least three previous convictions for a violent felony or a serious drug offense shall be imprisoned for not less than 15 years. Under § 924(e)(2)(A), the term "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." The Supreme Court has instructed courts to use a categorical approach, and look only at the statutory definitions of the prior offenses, not the underlying facts. *Taylor v. United States*, 495 U.S. 575, 600 (1990). Defendant has previously been convicted under New Mexico law of Trafficking (by Distribution) (Cocaine), Trafficking (By Possession with Intent to Distribute) (Cocaine), Trafficking (By Possession with Intent to Distribute) (Cocaine), and Trafficking (By Possession with Intent to Distribute) (Cocaine). *See* Government's Exhibits 1-4 (Doc. 80-1). There is no dispute that these convictions qualify as "offense[s] under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" as

2

defined in § 924(e)(2)(A)(ii).

Section 924(e)(1) requires the offenses to have been "committed on occasions different from one another," which indicates that Congress intended the predicate offenses to be distinct in time. *United States v. Tisdale*, 921 F.2d 1095, 1098 (10th Cir. 1990). Defendant's convictions stem from events occurring on March 28, 1996, June 29, 1996, May 14, 1997, and May 4, 2001. Three of these offenses were consolidated into one plea agreement, and resulted in one conviction. The fourth offense, from 2001, was charged in a separate criminal case. These four offenses clearly meet the criteria of § 924(e)(1) and *Tisdale*, having all occurred on different dates.

Lastly, the ACCA requires that a "serious drug offense" carry a "maximum term of imprisonment of ten years or more."§ 924(e)(2)(A)(ii). Under New Mexico law, his first conviction carried a sentence of 9 years. N.M. Stat. Ann. §§ 30-31-22(D)(2)(a), 31-18-15(A)(6).[1] Each "second and subsequent offense[]," carried a sentence of up to 18 years. §§ 30-31-22(D)(2)(b), 31-18-15(A)(3). The Supreme Court in *United States v. Rodriquez* made it clear that where state recidivist statutes were applicable, the maximum term of imprisonment under the ACCA is calculated with reference to those statutes. 553 U.S. 377 (2008). The Court declared that this "reading is compelled by the language of ACCA." *Id.* at 382.

Additionally, the United States argues that Defendant's term of imprisonment on his

---

[1] This is the statute the government's brief cites as the one under which Defendant's prior state convictions arose. However, the exhibits attached the government's motion (Doc. 80-1) do not actually mention which statute the indictments charged Defendant with violating related to the incidents occurring in 1996 and 1997. On the other hand, the 2001 incident was apparently charged under 30-31-20. Doc. 180-1 at 14. However, both statutes have similar recidivist mechanisms for elevating a second-degree felony in drug trafficking to a first-degree felony, so the difference is not material to this analysis.

second conviction could have been elevated under state law by one year under a habitual offender enhancement, N.M. Stat. Ann. § 31-18-17, and even further for his third and fourth convictions. Because Defendant has four convictions for trafficking in controlled substances, the government argues that three of them subjected Defendant to a maximum term of imprisonment of 10 years or more.

## II.      Probation's Position

In an addendum to the PSR addressing the parties' objections, Probation argues that the ACCA is not applicable. In response to the government's arguments, Probation points out that the habitual offender enhancement has been interpreted to apply only to a "felony [that has] been committed after conviction for the preceding felony." *State v. Montoya*, 594 P.2d 1190, 1193 (N.M. Ct. App. 1979) (internal quotation marks omitted). Probation also points to cases which limit the use of multiple convictions at one trial for the purpose of enhancing the sentence for the latest conviction, such as an enhancement under § 30-31-22(D)(2)(b). *See, e.g.*, *State v. Garcia*, 579 P.2d 790, 792 (N.M. 1978) ("Any armed robbery offense committed subsequent to a conviction for armed robbery is a first degree felony calling for the enhanced penalty contemplated by the statute. The fact that the defendant was convicted in one criminal proceeding of two armed robberies charged under separate counts of one indictment is not sufficient to invoke the increased penalty provision of the statute.").

While "[t]he meaning of . . . § 924[] is a question of federal law, not state law," *Johnson v. United States*, 130 S.Ct. 1265, 1269 (2010), "[w]e are . . . bound by the [state] Supreme Court's interpretation of state law, including its determination of the elements of [state statutes]." *Id.* Since the New Mexico courts interpret the 18-year sentence in § 30-31-22(D)(2)(b) to be available only on subsequent *convictions*, not subsequent offenses

4

(despite the plain language of the statute reading "offenses"), this interpretation of the statute is controlling. Further support for Probation's position can be found in the case law cited by the government. *Rodriquez* unequivocally states that "the 'maximum penalty prescribed by law' for a state offense necessarily depends on state law." 553 U.S. at 387.[2]

## III.    Defendant's Position

Defendant argues that the facts in *Rodriquez* distinguish that case from the present one. In *Rodriquez*, the defendant had been put on notice that the maximum term of imprisonment was ten years because the judgement of conviction stated so on its face. 553 U.S. at 381. Here, Defendant's first three state law convictions on their face did not implicate a term of imprisonment beyond 9 years. Although the precise holding in *Rodriquez* did not necessarily rely on this background fact, the Court expressly noted: "[I]n those cases in which the records that may properly be consulted do not show that the defendant faced the possibility of a recidivist enhancement, it may well be that the Government will be precluded from establishing that a conviction was for a qualifying offense." *Id.* at 389. The present case appears to be just such a case to which the *Rodriquez* Court was referring. Moreover, according to a subsequent Supreme Court interpretation of the case, *Rodriquez* held that

> when the recidivist finding giving rise to a 10-year sentence is not apparent from the sentence itself, or appears neither as part of the "judgment of conviction" nor the "formal charging document," the Government *will not have* established that

---

[2] Additionally, the Tenth Circuit in an unpublished case has held that, when utilizing the *Taylor* categorical approach, "it is proper for this court to consider the state court's interpretation of the underlying statute of conviction . . . . Furthermore, we give deference to the state court's interpretation of its own law." *United States v. Herrera*, 286 F. App'x 546, at *11 (10th Cir. 2008) (citing *United States v. Perez-Vargas*, 414 F.3d 1282, 1286 (10th Cir. 2005); *United States v. Bolanos-Hernandez*, 492 F.3d 1140, 1143 (9th Cir. 2007); and *United States v. Reina-Rodriguez*, 468 F.3d 1147, 1152 (9th Cir. 2006), *overruled on other grounds by United States v. Grisel*, 488 F.3d 844, 851 (9th Cir. 2007)).

the defendant had a prior conviction for which the maximum term of imprisonment was 10 years or more (assuming the recidivist finding is a necessary precursor to such a sentence).

*Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2587 n.12 (2010) (citation omitted) (emphasis added).

Thus, upon reconsideration, the Court has major concerns that Defendant's conviction of three separate drug offenses could not have carried a penalty of ten years' imprisonment or greater. Only Defendant's fourth drug conviction, which occurred after the conviction on the first three offenses, appears to involve a sentence of more than ten years, and Defendant therefore does not have three serious drug offense convictions under the ACCA.

**THEREFORE, IT IS ORDERED THAT** the United States shall have fourteen (14) days from the entry of this order to prepare a supplemental brief on the authority discussed above to further analyze whether Defendant is subject to the ACCA enhancement. Defendant shall have ten (10) days to respond to the United States' supplemental brief.[3]

_____
UNITED STATES DISTRICT JUDGE

---

[3] Had defense counsel focused on the authorities cited by the Court in this Memorandum Opinion and Order when defense counsel filed its initial brief, then the Court very likely would have gotten this issue right at the March 4 sentencing hearing. Fortunately for Defendant, the United States Probation Office identified what really is the crucial issue in determining whether the ACCA applies to Defendant.