IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                 CIV 13-0567 WJ/KBM
                                                   CR  09-0902 WJ

REYNALDO ROMERO-LEON,

    Defendant-Movant.

# PROPOSED FINDINGS
# AND
# RECOMMENDED DISPOSITION

A grand jury indicted Petitioner Reynaldo Romero-Leon as being a felon and an alien in possession of firearms and ammunition, and he pleaded guilty to both counts without the benefit of a plea agreement.  Presiding Judge William Johnson sentenced him to 210 months imprisonment under the Armed Career Criminal Act ("ACCA").  This matter is before the Court on Petitioner's *pro se* motion seeking habeas relief under 28 U.S.C. § 2255 and memorandum in support; the United States' answer in response; and Petitioner's Reply.  *See Docs. 1, 2, 5, 10.*[1]

Judge Johnson issued a comprehensive memorandum opinion and order on the background and sentencing issue, and made additional findings on the record during the sentencing hearing.  *See United States v. Romero-Leon,* CR 09-0902 (Doc. 109); *see also id.* (Doc. 100) ("Sentencing Transcript").  The Tenth Circuit affirmed.  *See*

---

[1] The federal form labels a § 2255 action as initiated by a "motion," but the Tenth Circuit and this Court refer to the document as a "petition" and to the inmate as "petitioner."  *See, e.g., United States v. Viera,* 674 F.3d 1214, 1217 (10th Cir. 2012); *United States v. Nick,* CIV11-0217 MCA/KBM (Doc. 14).  Unless otherwise noted, citations to "Doc." are the documents filed in this civil action.

*United States v. Romero-Leon,* 488 F. App'x 302 (10th Cir. 2012). The parties also well-briefed the background and their arguments, and the issues are straightforward. The Court incorporates those sources by reference and confines its remarks to disposition of the case. Because it is possible to resolve the issues on the pleadings, I find that an evidentiary hearing is not necessary,[2] and I recommend that the petition be granted in part.

## I. Background

A different attorney represented Petitioner on direct appeal to the Tenth Circuit. *See, e.g., United States v. Romero-Leon,* CR 09-0902 (Doc. 106); *United States v. Romero-Leon,* No. 11-2065 (Doc. 01018704759 [9898879]) ("Brief").[3] Appellate counsel raised one issue – whether the Court erred in applying the ACCA. As grounds she explained that:

> The crux of the issue was whether [Petitioner's] prior drug-related offenses qualified him for sentencing under the ACCA. [Petitioner] had been convicted of four counts of Trafficking under New Mexico state law; three of those convictions were consolidated into one plea agreement resulting in one conviction, while the fourth was separately charged. . . . The first conviction carried a sentence of nine (9) years, while the subsequent conviction carried a sentence of up to eighteen (18) years pursuant to New Mexico statutes.

*Brief* at 9 (CM/ECF pagination).

---

[2] *See, e.g., United States v. Gallegos,* 459 F. App'x 714, 716-17 (10th Cir. 2012) ("A § 2255 petitioner is entitled to an evidentiary hearing when there is a disputed factual issue [because] '[t]he purpose of an evidentiary hearing is to resolve conflicting evidence'") (quoting *Anderson v. Atty. Gen. of Kan.,* 425 F.3d 853, 860 (10th Cir. 2005)).

[3] The Court of Appeals issued its decision on July 10, 2012, and permitted appellate counsel to withdraw after the mandate issued. *Compare United States v. Romero-Leon,* CR 09-0902 (Doc. 118) (mandate notice issued 8/1/12) *with id.* (Doc. 119) (order granting motion to withdraw dated 8/20/12).

She argued that, as interpreted by the New Mexico Supreme Court, New Mexico's applicable sentencing statute applies to "convictions . . . rather than . . . offenses," and, therefore, Petitioner's "first three convictions" should be treated as a "unit" for federal sentencing purposes. *Id.* at 11 (same). Because the three offenses collectively did not expose Petitioner to a maximum ten-year sentence, they could not be counted toward the requisite three such "convictions" under the ACCA. *Id.* at 9.

She specifically cited a recent Supreme Court opinion in support of her argument:

> The United States Supreme Court has expressly required that, when considering the question of a maximum possible sentence any enhancement must be clearly indicated: "when the recidivist finding giving rise to a 10-year sentence is not apparent from the sentence itself, or appears neither as part of the judgment of conviction nor the formal charging document, the Government will not have established that the defendant had a prior conviction for which the maximum term of imprisonment was 10 years or more." *Carachuri-Rosendo v. Holder,* 130 S. Ct. 2577, 2587, n.12 (2010) (internal citations omitted).

*Id.* at 12-13.

The Tenth Circuit rejected the argument, noting that under established Supreme Court, Tenth Circuit, and New Mexico precedent, Petitioner could have received a "potential maximum penalty above the ten-year threshold required under the ACCA," three of his "offenses were subject to enhancements" under state law, and the three "prior offenses took place on separate occasions as they occurred on separate dates—even if consolidated into one plea agreement." *Romero-Leon,* 488 F. App'x at 304-05. As such, "the district court was proper in sentencing him under the ACCA." *Id.* at 305.

## II.  Analysis

The petition and memorandum in support raise three claims of ineffective assistance of trial counsel.  *See Docs. 1, 2*.

### *A.  ACCA Claim Cannot Be Relitigated*

The United States argues that each of Petitioner's three claims is procedurally barred – the ACCA claim is barred because it was raised and rejected on direct appeal and the other two claims are barred because appellate counsel failed to raise them on direct appeal.  *See Doc. 5* at 8, 9, 10.  The United States is partially correct when it observes that issues disposed of on appeal are barred from relitigation in § 2255 proceedings, even if the identical issue is recast as an ineffective assistance of counsel claim on collateral review.  *See id.* at 7-8.  Both the Tenth Circuit and this Court have so held on many previous occasions.[4]

In an effort to overcome the procedural bar of his claim, Petitioner argues that the manner in which he challenged his ACCA designation on direct appeal is substantially different from the manner he employs to challenge his ACCA *sentence* in this habeas proceeding.  Doc. 10 at 3.  He maintains that he is attacking his ACCA *sentence* but conceding his ACCA *designation*.  *Id*. at 4.

---

[4] *See, e.g., United States v. Temple,* 480 F. App'x 478, 480 (10th Cir. 2012) ("the district court's decision is not subject to reasonable debate.  Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255.") ; *United States v. Goodlett,* 403 F. App'x 311, 313 (10th Cir. 2010) ("When an issue should have been raised on direct appeal, the defendant ordinarily can raise the issue in a § 2255 motion only if the defendant raised it on direct appeal but the appellate court failed to address it.  If the issue was fully addressed by the appellate court, it is not cognizable under § 2255 . . . unless the law of the circuit has changed"); *United States v. Varela-Ortiz,* 189 F. App'x 828, 830 (10th Cir. 2006) ("Because we already disposed of this issue on direct appeal, Mr. Varela-Ortiz may not raise it again in a § 2255 petition.").

Petitioner contends that his attorney's performance at sentencing was ineffective because he did not argue that mitigating facts and circumstances of Petitioner's case warranted a downward departure under Sentencing Guideline § 4A1.3(b)(1).  *Doc. 2* at 7; *Doc. 10* at 3.  However, the "mitigating facts and circumstances" that Petitioner suggests supported a downward departure are the very same issues disposed of on appeal, now recast as an ineffective assistance of counsel claim.  *See Doc. 2* at 7-8.  For instance, Petitioner argues that under *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), the government failed to establish that three of his four prior convictions carried the requisite maximum ten-year sentence and that his prior criminal history was atypical because three of his convictions were treated as a unit rather than as three separate offenses.  *See id.*

Although Petitioner's claims are now "cloaked in the guise of an ineffective assistance claim" and based upon the failure to request a downward departure, examination of his underlying rationale reveals that his claim presents the very same issues that were raised and rejected on direct appeal.  As a result, Petitioner's claim regarding the use of his three prior state convictions for his ACCA *sentence* is procedurally barred.  *See United States v. Anderson,* 17 F. App'x 855, 858 (10th Cir. 2001) (citing *United States v. Cox,* 83 F.3d 336, 342 (10th Cir. 1996)); *see also United States v. Davis,* 406 F.3d 505, 511 (8th Cir. 2005) ("We find the present claim to be the same claim in different clothes, and we will not reconsider the issue on collateral review.").

Petitioner's remaining two claims, which were not disposed of on appeal, are not procedurally barred, however.  As Petitioner discusses in his Reply brief, the Tenth

Circuit has repeatedly held that ineffective assistance of counsel claims can be raised for the first time in a § 2255 petition, and they are not necessarily defaulted when a petitioner fails to raise them on direct appeal.[5]  A recent decision that at first blush appears to uphold the proposition the United States asserts, did so under materially different factual circumstances.[6]

### B.  Guidelines Calculation Claim Is Without Merit

The first remaining claim is clearly without merit.  Petitioner asserts that trial counsel was ineffective by failing to argue that the four-level "use of the weapon" enhancement under Guideline § 2K2.1(b)(6) did not apply.  He argues that the officer's version of events – that he wrestled the gun away from Petitioner after he pointed it at

---

[5] *See, e.g., Goodlett,* 403 F. App'x at 314 (affirming dismissal of certain claims on procedural default grounds, but holding that defendant's "ineffective-assistance-of-counsel claim is not procedurally barred, because there is no requirement that such a claim be raised on direct appeal") (citing *Massaro v. United States,* 538 U.S. 500, 509 (2003)); *United States v. Jackson,* 429 F. App'x 757, 761 (10th Cir.) (affirming this Court's decision that included rejecting relitigation of claims where issues decided on direct appeal were dispositive of the ineffectiveness inquiry), *cert. denied,* 132 S. Ct. 600 (2011); *United States v. Martinez,* 368 F. App'x 876, 878 (10th Cir. 2010) (evidentiary and sentencing issues raised and decided on direct appeals properly not considered in § 2255 action, while ineffective assistance of counsel claim properly rejected on other grounds); *United States v. Bertram,* 359 F. App'x 934, 935 (10th Cir. 2010) (same); *United States v. Smith,* 2008 WL 55996 at *2, n.1 (10th Cir. 2008) ("The rule in this circuit, then, is that claims of constitutionally ineffective counsel should be brought on collateral review, in the first petition filed under 28 U.S.C. § 2255. Some rare claims which are fully developed in the record may be brought either on direct appeal or in collateral proceedings.  No procedural bar will apply to claims which could have been brought on direct appeal but were brought in post-conviction proceedings instead.  *United States v. Galloway,* 56 F.3d 1239, 1242 (10th Cir. 1995) (en banc); *see also Massaro v. United States,* 538 U.S. 500, 504-09 (2003).").

[6] In *United States v. Gedes*, 474 F. App'x 747 (10th Cir. 2012), the § 2255 claim before the district court was not an ineffectiveness claim – it was that "he was forced to use the public defender rather than private counsel" in violation of the Sixth Amendment.  *Id.* at 748.  After the district court dismissed for failure to raise the issue on direct appeal, defendant sought to excuse the default by "contend[ing] that his attorney failed to raise issues on appeal."  *Id.*  The Tenth Circuit rejected the excuse as "cause" for the default, however, because appellate counsel filed an *Anders* brief on direct appeal which, pursuant to Tenth Circuit rules is served on defendant with instructions "to his right to raise any appellate issue he desires."  *Id.*  Notwithstanding "signed return receipt acknowledging delivery" of the brief and notice of rights, defendant "did not file any response as directed in the notice, or attempt in any way to advance the arguments" he sought to raise in his § 2255 petition and appeal from its dismissal.  *Id.*

them with small children and another civilian adult nearby – is "simply too fantastical" to be believed. *Doc. 2* at 14. He posits that wrestling the gun away demonstrates "almost superhuman restraint and discipline" on the part of the officer, because "any other cop, under identical circumstances, would have shot Petitioner dead." *Id.* at 14-15.

To prevail on an ineffectiveness claim under *Strickland v. Washington,* 466 U.S. 668, 687 (1984), Petitioner is required to demonstrate that counsel's conduct was constitutionally deficient and that but for the conduct, the result of the proceeding would have been different. Failure to make either showing defeats the claim. *See, e.g., Smith v. Robbins,* 528 U.S. 259, 286, n.14 (2000); *Strickland,* 466 U.S. at 687.

As applicable here, a four-level enhancement was warranted if Petitioner "used" the firearm "in connection with another felony offense," which includes state felonies separate from his possession of the weapon. It does not matter whether he was charged or convicted of the "other" felony. *See, e.g., United States v. Marrufo,* 661 F.3d 1204, 1206-07 (10th Cir. 2011).

Petitioner cannot establish prejudice because, during the sentencing hearing, Judge Johnson raised this precise issue and decided it adversely to Petitioner as a matter of fact.

> [THE COURT]: Now, Mr. Nieto [defense counsel] I believe you filed an objection to the four-level enhancement under Paragraph 16; is that right?
>
> MR. NIETO: I didn't think so. If I did –
>
> THE COURT: Well, maybe I'm wrong on that. Let's -- before we get to the armed career criminal issue, Probation had calculated the base offense level at 24. In Paragraph 16, they applied a four-level enhancement under Sentencing Guidelines Section 2K2.1(b)(6), which came up with an adjusted offense level of 28, and then they took a two-level

> reduction for acceptance of responsibility to get to an offense level of 26. Are there -- is there anything about the way they had calculated this to this point that you wish to state an objection on it?
>
> MR. NIETO: No, Your Honor.
>
> THE COURT: Okay. I'll note for the record that the four-level enhancement under -- that was applied to the offense level in Paragraph 16 was relying on Guidelines Section 2K2.1(b)(6), which basically states that, if the defendant used or possessed any firearm or ammunition in connection with another felony offense, increase by four levels. And the evidence established at the suppression hearing that the defendant had a handgun and pointed it at the APD officer. The officer was able to pull the firearm away from the defendant. There was a struggle with the handgun. The defendant was arrested for aggravated assault on a police officer and child abuse because there was -- he had an infant child with him, and then the 11-year-old child was there.

*Sentencing Transcript* at 15-16.

Under New Mexico law, aggravated assault of a police officer is a third-degree felony, punishable by a basic sentence of three years imprisonment. *See, e.g.,* N.M. STAT. ANN. §§ 30-22-22(A)-(B) (offense and felony level); *id.,* § 31-18-15(A)(9) (basic sentence defined). As such, Petitioner cannot prevail on his claim that his counsel was ineffective by failing to object to application of the §2K2.1(b)(6) enhancement.

### C. Multiplicity Claim is Grounds for Granting Writ in Part

Section 922(g) of Title 18 makes it illegal for persons of a certain status to possess firearms or ammunition. Section 924(a)(2) sets the punishment for § 922(g) violations at a fine or imprisonment for a maximum of ten years, or both.

Petitioner's final claim asserts that his trial attorney was ineffective for failing to argue that the federal indictment was "multiplicitous" under *Blockburger v. United*

*States,* 284 U.S. 299 (1932),[7] because it charged him separately with unlawful possession of a firearm as being both a "felon" and an "alien" under 18 U.S.C. §§ 922(g)(1) and (g)(5)(A), respectively.[8]  He thus maintains that one of the counts should have been dismissed.  *See Doc. 2* at 10-13.  The United States argues that Petitioner cannot show prejudice because "the indictment and sentence were not multiplicitous" and because "the Court ran the sentences concurrent to one another." *Doc. 5* at 9.

The Tenth Circuit holds that convictions for two different statuses under § 922 for the same occurrence violate double jeopardy.

> [In] *United States v. Johnson,* 130 F.3d 1420 (10th Cir. 1997) . . . [the] court found multiplicitous the defendant's conviction for both being a felon in possession of a firearm, under 18 U.S.C. § 922(g)(1), and being an unlawful user of controlled substances in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3) [because] Congress did not intend to punish a defendant for multiple violations of § 922(g) that arose out of the same factual predicate: possession of a firearm.

*United States v. Barber,* 303 F. App'x 652, 656 (10th Cir. 2008).

---

[7]  Technically, the *Blockburger* test does not apply because it is used to determine whether a single transaction may give rise to separate prosecutions, convictions, and/or punishments under *separate statutes*, and the convictions at issue here involve two subsections of the *same* statutory provision.  *See United States v. Johnson*, 130 F.3d 1420, 1425 n.2 (10th Cir. 1997).  Nevertheless, the Court must consider whether the convictions were multiplicitous, thereby implicating the Double Jeopardy Clause.  *See id.* at 1424-1426.

[8]  The March 12, 2009 criminal complaint alleged violations of 18 U.S.C. § 922(g)(1) and (g)(5)(a).  *See United States v. Romero-Leon,* CR 09-0902 (Doc. 1) (criminal complaint).  The grand jury's subsequent April 9, 2009 indictment did the same, charging Petitioner in Count One as a felon in possession in "violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)" and in Count Two as an alien in possession in "violation of 18 U.S.C. § 922(g)(5)(A) and 18 U.S.C. § 924(a)(2)."  *United States v. Romero-Leon,* CR 09-0902 (Docs. 9, 10 – original and redacted indictments); *see also id.* (Doc. 98).

Here, there is no basis to distinguish the *Johnson* rationale.[9] In *Johnson*, the defendant was charged with one count of being a felon in possession in violation of § 922(g)(1) and one count of being an "unlawful user of controlled substances" in violation of § 922(g)(3). The principles underlying the *Johnson* decision continue to be applied in the Tenth and other circuits.

Furthermore, such errors are plain and the concurrency of sentences does not ameliorate the need to resolve the error:

> The government charged [Hooks] with one count of violating 18 U.S.C. § 922(g)(1) and one count of violating 18 U.S.C. § 922(g)(8), with both counts based on Hooks' possession of the single firearm. After conviction on both counts, Hooks was sentenced to a total of fifty-five months imprisonment for each conviction, to be served concurrently, as well as three months supervised release, a $500 fine on each count, and a $200 assessment.
>
> The Fifth Amendment right to be free from double jeopardy is implicated when a criminal defendant is subjected to multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969), *overruled in part on other grounds by Alabama v. Smith,* 490 U.S. 794, 795, 109 S. Ct. 2201, 104 L.Ed.2d 865 (1989). Hooks argues that multiple convictions for violating § 922(g) for the possession of a single firearm constitutes improper multiple convictions for the same offense in violation of the Fifth Amendment. Section 922(g) makes it a federal crime for nine categories of individuals to "ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm," or to "receive any firearm ... which

---

[9] *Compare Barber,* 303 F. App'x at 653, 656 ("A jury convicted defendant . . . of . . . one count of Unlawful Possession of a Firearm by Convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); and one count of Possession of A Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(a). . . . Here, although the definitions of both firearms offenses cite 18 U.S.C. § 924, only the "possession of a firearm in furtherance of a drug trafficking crime" count actually is a § 924 offense. Section 924 merely provides a punishment provision for the other crime, "possession of a firearm by a convicted felon," which is charged under a separate statute, 18 U.S.C. § 922(g)(1). Therefore, Mr. Barber was not convicted of two firearms offenses under two different subsections of the same statute, as he claims. The *Blockburger* test applies and was satisfied. There was no double jeopardy.").

>has been shipped or transported in interstate or foreign commerce."
>
>We have previously held that an individual's double jeopardy rights are violated when he is convicted of multiple violations of § 922(g) where only one firearm is involved. *United States v. Johnson,* 130 F.3d 1420, 1424-26 (10th Cir. 1997) (ordering that one of two convictions be vacated where an individual was convicted of unlawful possession of a firearm by a convicted felon under § 922(g)(1) and of unlawful possession of a firearm by a user of controlled substances under § 922(g)(3) based on the possession of only one firearm). The United States does not dispute that *Johnson* controls this case.
>
>While Hooks did not raise the double jeopardy argument at trial, we nonetheless may consider it if plain error or defects affecting substantial rights are involved. FED. R. CRIM. P. 52(b). A double jeopardy violation is plain error that may be considered by an appeals court despite failure to object in the trial court. *United States v. Contreras,* 108 F.3d 1255, 1261 (10th Cir.1997). Again, the United States does not dispute that we may consider the double jeopardy claim on appeal.
>
>Because Hooks has shown that he was convicted twice for the same offense in violation of his double jeopardy rights and because we exercise our discretion to consider this plain error, we agree with the parties that one of Hooks' convictions must be vacated. We therefore REMAND to the district court with instructions to vacate one of the two sentences and to resentence Hooks.

*United States v. Hooks,* 33 F. App'x 371, 372-73 (10th Cir. 2002).[10]

---

[10] *See also United States v. Esquivel,* 425 F. App'x 387, 388 (5th Cir. 2011) ("Esquivel challenges his § 922(g) convictions and sentences, which were based on possession of the same weapons, on the basis that they are multiplicitous and violate double jeopardy. The Government concedes that our decision in *United States v. Munoz–Romo,* 989 F.2d 757, 759–60 (5th Cir. 1993), is controlling. Esquivel is correct that his convictions for being an illegal alien in possession of a firearm and a felon in possession of a firearm violate his rights against double jeopardy. *See Munoz–Romo,* 989 F.2d at 759–60. In light of *Munoz–Romo,* we remand the case so that the district court may vacate one of the convictions and resentence Esquivel."); *United States v. Fierro,* 450 F. App'x 586, 588 (9th Cir. 2011) ("The government concedes that the district court committed plain error by failing to dismiss a multiplicitous § 922(g) count for possession of the same firearm. . . . Fierro argues, and the government agrees, that only one conviction is appropriate because his possession was one, uninterrupted course of conduct."); *United States v. Williams,* No. 10–CR–0076–CVE, 2010 WL

Nor is there any factual or legal basis to conclude, as does the United States in its conclusory suggestion, that the "firearm and the ammunition were discovered in two different locations," thereby providing a different evidentiary basis for the felon in possession and alien in possession counts.  According to the criminal complaint and the United States' own recitation of the facts, the officer who entered Petitioner's residence found him lying on the couch holding a single pistol, and immediately placed him under arrest and searched him, at which time they found the ammunition in his pocket.  *See United States v. Romero-Leon,* CR 09-0902 (Doc. 1 at 3).  There was no interruption and reacquiring of possession of these items by Petitioner.  *See United States v. Baker,* 175 F. App'x 968, 961 (10th Cir. 2006); *see also e.g., United States v. Meza,* 701 F.3d 411, 431-34 & n.9  (5th Cir. 2012) (and cases discussed therein where multiple convictions for simultaneous possession of firearm and ammunition violated double jeopardy; sentencing for separate counts of possession of both is plain error).  In sum, because both the ammunition and firearm charged in the indictment were on Petitioner's person and located there at the time of his arrest, convictions on both counts cannot stand.

As the *Hooks* and other decisions provide, the proper remedy for the double jeopardy violation is to vacate the sentence, dismiss one of the multiplicitous counts, and resentence.  "Where multiplicitous convictions are found, 'the only remedy'" is to "'vacate one of the underlying convictions as well as the . . . sentence based upon it.'"

---

3219994, at **1-2 (N.D. Okla. Aug. 12, 2010) (recognizing that defendant can only be convicted of one of two counts for violations of §922(g) but declining to "require government to elect between the two counts prior to trial" and denying defense motion to dismiss without prejudice and renew after trial "if convicted of both counts"); *United States v. Mendez*, No. No. 06–10004–01–WEB, 2006 WL 1867477, at * 6 (D. Kan. Jun. 30, 2006) ("Although these multiplicitous counts do not warrant granting a new trial, the court will comply with *Johnson* at the time of sentencing by not imposing multiple punishments as to any of these three pairs of counts.").

*Baker,* 175 F. App'x at 961 (quoting *Rutledge v. United States,* 517 U.S. 292, 301-02 (1996)); *see also Meza,* 701 F.3d at 434 (same).

Wherefore,

**IT IS HEREBY RECOMMENDED** that the § 2255 petition be granted in part, that the sentence be vacated, that one of the multiplicitous § 922(g) counts be dismissed, and that Petitioner be resentenced.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE